The last case this morning is 412-0299 in retention of Hunter, show for the appellant attorney Michael Castello, for the appellate attorney David Manchin. Mr. Castello you may proceed sir. Thank you. This case involves whether the Sexually Dangerous Persons Act is constitutional and as applied to the defendant. The issue as to the constitutionality is whether or not police reports relied upon by psychiatrists can be admitted into evidence or does it violate the confrontation clause of the 6th amendment. In this case, briefly, all psychiatrists testified from police reports. I'm not going to make an argument that the defendant did not commit these crimes in the police reports, I'm just suggesting that the procedural rights of the defendant were violated. Now the confrontation clause is not a substantive right, it's a procedural right. And we go back, and I guess the most famous case is Lord Rawley, Sir Walter Rawley, during the Elizabethan times, where Lord Cobham testified at a hearing and implicated Sir Walter Rawley in a treason against the Queen, Queen Elizabeth I. At his trial, Sir Walter kept demanding the confrontation of Lord Cobham, sent a letter. They refused, he was convicted by a privy counsel and sentenced to death. That gave rise in English common law to the confrontation clause, which we adopted. Are police reports admissible in evidence or do they violate the confrontational clause? And by admissible in evidence, the psychiatrists, each and every one I believe, yes, they all use them. One psychiatrist only testified to four of the crimes. But the respondent, Anthony Hunter, in essence denied it. The facts may well have proved him guilty if the police reports were not admitted into evidence and that competent testimony would have been presented. But there was no right or method of cross-examination of these police reports. The Illini Supreme Court addressed essentially the same point in People v. Williams that the United States Supreme Court addressed in their decision last June in Williams v. Illini, in which in a fractured decision, the United States Supreme Court affirmed, the Illini Supreme Court, you don't address that case in either your brief or your reply brief, even though Mr. Manchin talks about Williams v. Illini. In his brief, in your reply brief, you continue to ignore it. If I may just put up the cites you're on around Williams v. Williams. Unless I missed it, I don't think so. In your reply brief, talk about Williams v. Illini anywhere? Yes, I'm aware of People v. Williams, but it does not address the issue of the police reports were utilized to prove the truth. No, they were. There's the basis for experts' testimony, and it's a Wilson v. Clark situation that they were using in this case, and that was exactly the issue before the Illinois Supreme Court, and precisely the issue before the United States Supreme Court, whether or not this information can be used as part of the basis for an expert's opinion. And the expert can testify about what those matters showed for the limited purpose of explaining the expert's opinion. The Illinois Supreme Court unanimously said yes with regard to a DNA expert who was relying upon information provided to the expert, and in a fractured decision, the United States Supreme Court affirmed. You don't mention either of those cases in your briefs, Counsel. Well, I'm relying on the brief on the people who rely on Williams that the Confrontational Clause does not bar the testimony of testimonial statements that are admitted for the purposes other than proving the truth of the matter asserted. And I suggest to the court that these police reports were testified to by each primary physician to show the truth that he committed those crimes. Well, Mr. Costello, I don't disagree with you that both psychiatrists said, you know, we reviewed these police reports, based on these police reports, assuming they were true, we reached the following diagnosis, all right? But in your cross-examination, or in propounding the facts, could you not impeach the police reports? I did, in a sense, with Dr. Killian, when he admitted that all police reports are not true, or all the facts that he had are not true, but he stated that obviously his testimony was that the defendant had committed these acts from the police reports. And there were five. Five victims. It wasn't pretty as to what the police report said. One girl was 13, another girl was 14. Did you ask for and receive a limiting instruction from the court regarding the information in the police reports? I objected to it throughout the trial, Your Honor. Counsel, that's not the question I asked. No, I did not ask for a limiting instruction. So the jury wasn't told, you may only consider this information, the police reports, testified to by the psychiatrist, insofar as that serves to inform the psychiatrist's opinions? You may not consider that as independent evidence of the alleged crimes the defendant committed? That instruction was not given to me. Why not, counsel? You would have been entitled to it had you asked it, would you not? I would have been entitled to that, I believe, yes. So now you're arguing to us that the jury considered the evidence substantively, even though in fact you never asked for an instruction to help the jury understand that this is just to be considered by them only insofar as it explained the psychiatrist's opinions? That was not given to me. However, I don't think it was needed. Always, the whole attack on the hearsay statements, keep them out totally. I don't think that argument was waived. I don't think it was, it would have been more appropriate, Your Honor, you're correct, to give the instruction that's not to be considered as to the truth. But throughout the trial, every time the psychiatrist testified, motion was made, objection was made to bar their testimony based on police reports. And that's preserved for the record. It was made before the start of the testimony on a motion of remedy. It was made during the testimony, and it was made at the conclusion of the testimony by the police reports. Strike it. And philosophically, can you be convicted of something where you don't have the right to confront the witnesses? And the state will argue that this is a civil case in nature. There are case law replete that there are safeguards that have to be treated like it's a criminal case. That's Treanor and Olmstead. So we suggest only that the failure, that the trial court erred in admitting the hearsay evidence of the police report on the psychiatrist. And to advise the court, the psychiatrist said, each of them, that this is commonly used and commonly relied upon by them in forming an opinion as to a sexually dangerous person. But in a nutshell, does the confrontation clause preclude the use of police statements? Not if they're not offered for the truth of what's contained therein, according to Crawford, according to the United States Supreme Court, according to the doctrine of law that's been around since forever. That's correct, Your Honor, and these were offered for the truth. Well, see, they weren't, Mr. Castello, and you would have been entitled to a limiting instruction had you asked for it. They were being offered to explain why the psychiatrist reached the conclusions they did. Just like a radiologist who relies upon the testimony of the technicians who perform the x-rays, they didn't do the x-rays, they just are looking at them. It's quite different than police reports, Your Honor. Well, you see, but the concept is the same. The underlying concept is when experts rely upon certain things, and reasonably so, in reaching their conclusions, then they may explain the basis of their conclusions, and the nature of it is not contrary to the confrontation clause, which deals only with the prohibition against evidence, per se evidence, offered to prove the truth of what's contained therein, not to explain the underlying expert's views under Wilson v. Clark. This is pretty fundamental stuff, Mr. Castello. Yes, it is, Your Honor, and I respectfully disagree with the court that the issue was not raised that hearsay, regardless of a limiting instruction, is permissible. Illinois has said repeatedly that police reports are not admissible in evidence. When offered to prove the truth of what's contained therein. They're used for impeachment and there may be some other refreshing recollection, but those are the only two exceptions that I know of, Your Honor, other than I agree with the court that hearsay, according to the latest cases, can be admitted, but not police reports. And the failure to give a limiting instruction does not necessarily bar the plaintiff or respondent from raising this as a violation of his confrontational rights. Well, if that is correct, then would there then be a black letter rule that psychiatrists who are evaluating defendants for the purpose of this act or for the purpose of whether they're competent to stay in trial and their mental status at the time they committed the offense, that that psychiatrist could not consider police reports? Lord Raleigh would agree that they could not. Yes, I would say yes, Your Honor. We're asking for a black letter bar of hearsay police reports. The court's experience, obviously, with police reports, we don't have to determine whether they're reliable. Crawford took care of reliability, it's not an issue anymore, and the admissibility of testimonial statements or hearsay statements at this point. Yes, it's a burden, but this country has always defended the rights of an individual to be tried by due process and face his accusers. And you can't face a victim nor a police officer when a psychiatrist says this is what happened. And I think a limited instruction in this case would be like throwing chalk in the air. I mean, five victims and testifying in detail what the respondent allegedly did to a 13-year-old girl. He's convicted of that. He's convicted of that and he admits that he did it to a psychiatrist. Yes. And he says, you know, nobody writes for free. The convictions can be introduced into evidence by statute. Yes, Your Honor, but some of this he wasn't convicted of. Some. So the thrust of his argument is that the Confrontation Clause precludes police reports relied upon by psychiatrists to be brought into evidence without an opportunity to cross-examine the victims or the nature of the testimony they're testifying to as hearsay. Otherwise, we get into a civil nature trial. If I may move. Go ahead. It's your time, counsel. Thank you. If I may move to the second point, that he was not proven guilty beyond a reasonable doubt based on the requirement that he has a propensity to commit sexual misconduct in the future. The psychiatrists were asked, give me a percentage. They couldn't. One, Dr. Killian, said 50%, and then later said 90%, his prediction as to future crimes and propensity. Dr. Jekyll said, I can't give you a percentage. So what does that result? They give an opinion that he's going to commit crimes in the future without any other basis, how much, how long. Is that reasonable doubt? We suggest that portion of the statute, and it's a Supreme Court case, Illinois, that allows that. They tack that on, the propensity, which is the item that's in the instruction of the people, the fifth proposition that they must prove. And we suggest that reasonable doubt is not he might commit crimes in the future, he may commit crimes in the future. How can a jury determine reasonable doubt except for the testimony that I am going to suggest to you that he is going to commit crimes in the future? And I think that the commit crimes in the future is so nebulous that it's denying the defendant his constitutional right to be found guilty beyond a reasonable doubt. I see the light is lit. I'm not waiving any of the points raised under either of these. If the court does not have any questions, I'll rely on the written brief. Thank you, counsel. Mr. Manchin.  Counsel. In this case, the question of the confrontation right has been resolved, as you suggested, Justice Steinman, by Williams and by Pasch. The state law is clear that if the... Williams in what case? The Pasch case. It's also cited in my brief. People versus Pasch. It was 152, Illinois 2nd, 133. It's on page 4 and page 6 of my brief. In each of those cases, they said that experts can testify... Well, Pasch is 12 years before Crawford, which is the last word on all this. Yeah, it truly is before Crawford. We do not rely upon the reliability standard used in Crawford in this determination. It used the standard that there's no confrontation problem here because there is no use of it for... It's not being offered the truth of the matter asserted. Mr. Manchin, you're familiar, I know, with the decision of the United States Supreme Court in Williams, which I described as fractured. And it was an interesting 4 to 1 to 4 split. The bottom line is the Supreme Court of the United States said affirm. It's also true that there weren't five justices of the Supreme Court of Illinois which found the analysis of the Supreme Court of Illinois persuasive. Since Justice Kagan had spirited dissent on behalf of four judges, and Justice Thomas went his own way with regard to the Confrontation Clause issue, didn't, interestingly, didn't like the analysis of the Illinois Supreme Court. Or his colleagues, I think it was Justice Alito in the Plurality Opinion, explaining why addressing directly the Wilson v. Clark issue we're talking about here, 703, wasn't persuasive. The reason I mention all that is for those of us of a lesser pay grade, how are we supposed to assess all of this? Or are we supposed to simply, given that the bottom line, as I began this explanation, was affirmed, are we simply supposed to wait until when, if ever, the Illinois Supreme Court revisits its decision in Williams based upon the decision of the United States Supreme Court? Or should we try to figure out for ourselves what the U.S. Supreme Court fractured decision means and take it from there? What's your advice? I think that the first one is that you said it's okay. The Illinois Supreme Court has said it's okay. And as you said, it's above your pay grade to try to determine what in the heck did the U.S. Supreme Court mean with this 4-1-4 decision as far as how this goes. The bottom line was they said, yes, this is okay to have experts testify to matters that they generally rely upon in the field, even though that material might not otherwise be admissible. Now, I try to keep careful tabs of all this, but it's conceivable I may have missed something, and I know you would too. The Williams v. Illinois decision was, I think, the last one rendered by the United States Supreme Court in June, like the end of June. Since that time, has there been any decision of an Illinois court of review addressing what the Supreme Court of the United States said in Williams v. Illinois? I have not seen any case that discusses the various opinions and what they mean. The only cases I have seen since Williams have just basically just cited Williams and gone on. The side of the Illinois Supreme Court decision in Williams, noting, affirmed, and then just go on. If there were no convictions in this case at all, and the prosecutor put on evidence or reports of six, seven, eight of these offenses occurring, and the psychiatrist testified in detail about the police reports, could we have a different result? You could have a different result if the expert's testimony as to the contents of the report was the only evidence as to the crimes. But isn't it the most juicy evidence for the jury? I mean, they expect that the psychiatrist, if he's testifying to the prosecution, is going to say, yeah, the guy's dangerous, and there's a sexual component to it, and he meets these criteria. But then they go on and say, when I read the police report, you know, the blitzing aspect of it. And beyond that, the descriptions. I mean, if it was in front of a judge, in front of a jury, that stuff makes an impact, doesn't it? It can, but then the case law is clear that it is permissible. What we have here is we do have the proof of the crimes through the two certified copies of his two convictions for sexual offenses against children. I believe they're both against children. I know the one was for sure. So we have the proof of the sexual offenses that are required by the statute through substantive evidence and not through hearsay. Well, why not put on those two convictions and the police reports for those two, which then are not, it's at least clear that they're not being used for truth of the matter asserted, rather than these other offenses that sort of pump up the case. Well, if the experts are relying upon these, they said, I touched all these reports, and these only limited the testifying as to the two that have been proven. Well, how about he can say that he relied on the police reports but not expound upon their detail? There were other incidents of... Well, then you get... This kind of activity, and some of it reached the level of being, you know, it was either violent or it was similar in nature, and I relied upon those in reaching a conclusion based upon my interviews and the other, and the convictions and so forth that, yeah, he meets the criteria. The more he limits the expert as far as what he can and cannot testify to as far as what he relied upon, the more you open the door to an attack by the respondent or the respondent's attorney that, hey, you can't believe these guys. They said they find him to be sexually dangerous based upon his reports, but what about these reports? We don't know anything about them. You mean you could do that in closing argument? Yes, that you open the door for the defendants to say, hey, you can't believe these experts because what do we have as far as the basis? We don't know anything. On the other hand, wouldn't it be true, counsel, that given an appropriate objection, and assistance from counsel making the objection to that matter, that the trial court would have the authority to parse these reports, balancing on the one hand the need to explain to the jury the basis of the psychiatrist's opinion, while on the other hand seeing about how the court could diminish, perhaps in some fashion, the potential prejudicial effect of some of the detail coming up? You're correct, Your Honor, that there could be safeguards developed by the trial court. Of course, none of that happened in this case because no objection on that basis nor was any instruction requested. It was an all or nothing approach by the defendants. Either nothing comes in or it all comes in. So let's use the scenario for the moment. Had the defense counsel made this objection, you were the prosecutor at trial, and said, Judge, I understand that the jury may need some of this to hear. They don't need all of it, particularly all of these gory details. I think it ought to be limited in some fashion here. What would you suggest? Where would the line be drawn? I think your suggestion of allowing the experts to testify to the similarities between the crimes without going into excessive detail and all that. I read five reports of crimes, and each crime, his victim was under 12. In each case, it was someone he knew, and in each case, it was a blitzkrieg type attack. That kind of thing. So if the trial judge said, Mr. Manchin, I need your help because I'm aware of this danger, what do you suggest? You could have provided some suggestions. Correct. There are ways to try to limit the danger of prejudice to the defendants. I was wondering to what extent, just musing out loud here, Mr. Manchin, to what extent as a learning exercise, given the limitations of the record before us, would it be appropriate for this court to provide that here's something that could be done, here's a way a judge might handle this, because we are aware of these concerns, particularly given what happened in Williams so that the whole, for lack of a better way to put it, the goriness of the details of the police reports might have been diminished. Would that be appropriate or necessary or helpful? It possibly could be helpful to the courts below to have that kind of guideline. I don't know whether you'd be able to develop that kind of guideline based on this record. Well, we certainly don't have anything in the record to help us, so we'd be doing that just kind of off the cuff, but musing about what could have happened here. Or what you would have done if you had been the judge asked to develop these type of things. This court has in the past suggested the guidelines for the courts to follow on other issues, and you've seen what kind of results you get with those kind of guidelines. Sometimes it works and sometimes it doesn't, and sometimes you keep saying, we said 20 years ago this is how you should do things, and you're still not doing it. Well, that's true, but there may be a hurricane blowing, but still you want to do what you can to address it. But as far as the constitutional question, can this type of testimony come in, I think that it's clear that the trial judge ruled correctly that allowing these police reports to be used to explain the basis of their opinion does not violate the defendant's Confrontation Clause rights. We are not contesting, and we never have contested that the defendant has the right, or the respondent has the right of confrontation in this type of procedure. We're just saying that under the law there is no confrontation violation when evidence under a common well-established hearsay exception comes in for a purpose other than the facts for the purpose of proving the facts below. The one case cited by the defendants as terms of saying police reports cannot come in was a different Williams case in which they used a police report, or an inventory report, to show that the defendant's clothes at arrest matched the clothes described to the burglar. And they said, no, you cannot use the inventory report to substantiate evidence. It was not being used as hears by a psychiatrist to try to give an opinion. So that's the one case cited by a defendant in a reply brief that's completely distinguishable and does not at all apply to this case. With respect to the question of proof beyond reasonable doubt, the expert's inability to give a percentage likelihood of recidivism was a matter raised below, and it just simply goes to what kind of weight are you going to give to the opinion of these experts if the defendant is sexually dangerous and is substantially likely that there's a substantial probability that he's going to re-offend. I think that there's no basis for this court to substitute its judgment for the jury below who heard these two experts, who specifically stated that there's a substantial probability of criminal offenses based upon his prior history, their interview with the defendant, his mental state, his mental conditions, and in the case of the one expert, the actuarial scales he used where all three scales showed that he was a high-risk offender. So if there's no further questions. Okay. Thank you, counsel. Mr. Costello, any rebuttal, sir? Very briefly. Okay. The Confrontational Clause suggests states that you confront your witnesses. Illinois and every other state, practically, I have not looked, does not permit police reports to be introduced as hearsay. The court is concerned that a limiting instruction could have been given as to we're not offering this for the truth. All these sexual acts, all the statements of the defendant that he made in those acts to the police on separate occasions are not offered for the truth. That is so prejudicial. To tell the jury that five sexual acts are being offered only but for the convictions, not for the truth of the matter, but that I relied on it. You don't get a fair trial that way. This case went from a long motion in limine to limit this, denied. Things were batted back and forth. There's nothing on record how it was going to be handled. It was coming in as the truth. It was objected to, objected to, objected to. Now, I don't know of one case that says that you can be convicted on hearsay of police reports, double hearsay, the victims and then the police reports reflecting what the victims had said. This has not given the defendant the opportunity to confront, the respondent, to confront his accusers. The Confrontation Clause is procedural for a reason. It protects the rights of the respondent. No case says police reports come in in a sexual manner. Now, I grant you it's going to be hard to try a case if the psychiatrists have to use these reports and then give an opinion, but they don't bring the witnesses in. One psychiatrist did say if he thought he should interview a victim, he would. None did. So it's black letter. Either this is a violation that police reports cannot be used by psychiatrists in rendering their opinion, or testifying and rendering their opinion as to the matters, or it's an exception to the Confrontational Rule. Cash, for example, which is 12 years old, as the court has said, was an instance where they used not police reports, psychiatric records and psychology records for reliance by a doctor. That's been our history for 10 years. Thank you very much.